FILED
JAN 27 2011
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:93-cr-25-ID |
| | ) | (WO) |
| TONY L. SHERROD | ) | |

# ORDER

This cause is before the Court on the Petitioner's Notice of Motion to Adjudicate, which this Court construes to contain a motion to adjudicate the Rule 60(b)(6) motion to vacate filed by Tony L. Sherrod on July 18, 2005. (Doc. #128). After reviewing the motion and the file in this case, the motion to adjudicate is due to be GRANTED and this Order contains a ruling on Sherrod's July 18, 2005 Rule 60(b)(6) motion. The Court also construes the current motion to include a second Rule 60(b)(6) motion to vacate. For the reasons set forth below, both of Sherrod's Rule 60(b)(6) motions to vacate are due to be DENIED.

## I. Factual and Procedural Background

Because it is relevant to the disposition of the current motion, the Court sets forth the applicable procedural history in this case. On March 12, 1993, Tony L. Sherrod was convicted of aggravated sexual abuse in violation of 18 U.S.C. § 2241. (Doc. #21). On August 26, 1993, Sherrod was sentenced to 236 months in custody. (Doc. #54). Sherrod appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. On March 1, 1995, the Eleventh Circuit affirmed the decision of the district court without

opinion as permitted under then-effective 11th Cir. R. 36-1.[1] (Doc. #61).

While still incarcerated on October 1, 1996, Sherrod filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. #64). Sherrod based his claims for relief on three broad arguments: (1) the trial court erred in not granting his motion for judgment of acquittal which was made at the close of the government's evidence, renewed at the close of all evidence, and contained in the defendant's post-trial motions alleging that the verdict was against the weight of the evidence; (2) the trial court erred in not granting the defendant's post-trial motions based upon his allegation of newly discovered evidence; and (3) the trial court erred in not granting the defendant's post-trial motions based upon the allegation that his trial counsel was ineffective. On February 22, 1999, the Court adopted the recommendation of the magistrate judge and entered an order denying Sherrod's § 2255 motion to vacate. (Doc. #97). With regard to the three broad arguments raised in the motion, the Court found that these claims for relief had been raised and disposed of on direct appeal and that the Court was not required to reconsider those claims on a § 2255 motion. (Docs.

---

[1] Prior to its rescission, 11th Cir. R. 36-1 provided:
When the court determines that any of the following circumstances exist:
(a) judgment of the district court is based on findings of fact that are not clearly erroneous;
(b) the evidence in support of a jury verdict is sufficient;
© the order of the administrative agency is supported by substantial evidence on the record as a whole;
(d) summary judgment, directed verdict, or judgment on the pleadings is supported by the record;
(e) judgment has been entered without a reversible error of law;
and an opinion would have no precedential value, the judgment or order may be affirmed or enforced without opinion.

#97 and #90, 4). In addition to these three broad arguments for relief, Sherrod also sought relief based on prosecutorial and judicial misconduct and ineffective assistance of counsel. The Court, adopting the recommendation of the magistrate judge, found that these arguments were procedurally defaulted because they were not raised on direct appeal. Consequently, the Court denied relief on these bases as well. (Docs. #97 and #90, 8). In rejecting Sherrod's claim that the ineffective assistance of appellate counsel precluded procedural default, the Court found that Sherrod failed to establish ineffectiveness on the part of appellate counsel, and thus failed to establish cause and prejudice to preclude procedural default. (Docs. #97 and #90, 7-8). The Court also found that Sherrod failed to show that a miscarriage of justice would result from his claims being procedurally defaulted. (Docs. #97 and #90, 7-8). In addition, the Court denied Sherrod's remaining claims of ineffective assistance of counsel for failure to include specific allegations of prejudice and found that Sherrod's trial counsel did not fall below an objective standard of reasonableness that would support his claims of ineffective assistance of counsel. (Docs. #97 and #90, 15). On May 12, 1999, this Court denied Sherrod's motion for a certificate of appealability. (Doc. #103). In addition, on November 4, 1999, the Court received a certified copy of an order from the Eleventh Circuit denying Sherrod's motion for a certificate of appealability because Sherrod had failed to make a substantial showing of the denial of a constitutional right. (Doc. #105).[2] The docket

---

[2] Sherrod later filed a motion under 18 U.S.C. § 3742(a)(1) claiming that his sentence was imposed in violation of law. (Doc. #107). The Court denied Sherrod's motion on October 22, 2003. (Doc. #110). The Court denied Sherrod's request to appeal this order in forma pauperis because the Court found that the appeal was frivolous. (Doc. #115).

3

sheet indicates that on July 18, 2005, Sherrod filed a Federal Rule of Civil Procedure 60(b)(6) motion to vacate the order denying his § 2255 motion. (Doc. #116). Despite its notation on the docket sheet, this motion does not appear in the file. In a letter dated June 24, 2010, Sherrod reminded the Court of his July 18, 2005 Rule 60(b)(6) motion and requested a status update on the motion.[3] In a letter dated September 14, 2010, Sherrod informed the Court that he had been released from federal custody and that all correspondence should be forwarded to his residence in Tampa, Florida.[4] Sherrod filed the current motion on September 17, 2010.

In his current motion, Sherrod seeks a ruling on his July 18, 2005 Rule 60(b)(6) motion. In the Court's view, Sherrod's current motion appears to contain a second Rule 60(b)(6) motion to vacate the Court's February 22, 1999 order denying his § 2255 motion. This view is based on several clues from the current motion. For example, the opening sentence of the statement of facts in the motion states: "Pursuant to Rule 201(e)(f), statement of facts and memorandum of points and authorities in support of petitioner's Fed. R. Civil. P. 60(b)(6) motion." (Doc. #128). In addition, instead of simply seeking adjudication of his July 18, 2005 Rule 60(b)(6) motion, Sherrod also seeks a new trial and the opportunity to clear his name by proving he is actually innocent. (Doc. #128, 2-3). Sherrod then argues that

---

[3] This letter is on file with the Court. Sherrod's letter also indicates that his family members have called on his behalf to request a status update on the Rule 60(b)(6) motion.

[4] This letter is on file with the Court. The Bureau of Prisons' (BOP) database indicates that Sherrod was released from BOP custody on September 24, 2010. The differing release dates does not affect the Court's analysis.

the order denying his § 2255 motion should be vacated because of prosecutorial and judicial misconduct. (Doc. #128, 2-7). As a result, the Court construes Sherrod's current motion to contain an embedded Rule 60(b)(6) motion in addition to a motion to adjudicate.

## II. Discussion

### A. Sherrod's Claims for Relief are Procedurally Defaulted

The Court suspects that the Rule 60(b)(6) motion embedded in Sherrod's current motion is substantially the same as the Rule 60(b)(6) motion he filed on July 18, 2005, which no longer appears in the file. Assuming, without deciding, that his current Rule 60(b)(6) motion is the same as the July 18, 2005 motion, Sherrod's claims for relief based upon prosecutorial and judicial misconduct in both motions are due to be denied. This is because the Court has already found that the claims of prosecutorial and judicial misconduct are procedurally defaulted for the reasons set forth in this Court's February 22, 1999 order denying his § 2255 motion. (Docs. #97 and #90, 8). The Court will not revisit those claims.

### B. Sherrod's Claims for Relief are Time Barred

Even if the Court is mistaken in its belief that the substance of Sherrod's current Rule 60(b)(6) motion is the same as the motion he filed on July 18, 2005, both motions are due to be denied because they are time barred.

#### 1. The Motions are Time Barred by Rule 60(c)(1)

Sherrod's July 18, 2005 Rule 60(b)(6) motion is due to be denied because it was not filed within a reasonable time after the order was entered denying his § 2255 motion. It is well established that relief under Rule 60(b)(6) is an extraordinary remedy that may be

invoked only upon a showing of extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Assuming that Sherrod could show an extraordinary circumstance, there is still a question of the timing of Sherrod's motion. Rule 60(c)(1) instructs that a motion brought under Rule 60(b) "must be made within a reasonable time . . . after the entry of the judgment or order or the date of proceeding." Fed. R. Civ. P. 60(b)(6); *cf.* Fed. R. Civ. P. 60(b)(1-3) (which, under Rule 60(c)(1), must be brought within one year after the judgment, order, or proceeding was entered or taken). The question becomes whether it was reasonable for Sherrod to bring his first Rule 60(b)(6) motion on July 18, 2005, nearly six and a half years after this Court's February 22, 1999 order denying Sherrod's § 2255 motion to vacate. The Court answers that Sherrod's Rule 60(b)(6) motion was not filed within a reasonable time after the order denying his § 2255 motion.

The value of the finality of judgments in both civil and criminal law is a foundational principle of American jurisprudence. As Rule 60(b) illustrates, challenges to final judgments are available, but they are subject either to statutes of limitations or a reasonableness inquiry. *See generally* Fed. R. Civ. P. 60(b); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A 1981).[5] In addition to these time constraints, "[t]he law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990) (citation omitted). The Supreme Court has

---

[5] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

stated that "[s]uch circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). In addition to finding that Sherrod's motion was not filed within a reasonable time, the Court finds no extraordinary circumstances that justify granting Sherrod's Rule 60(b)(6) motion. Sherrod's Rule 60(b)(6) motion filed on July 18, 2005 is due to be denied.

Sherrod's second Rule 60(b)(6) motion–the one embedded in his current motion to adjudicate–is also due to be denied for similar reasons. The second Rule 60(b)(6) motion was filed on September 27, 2010–nearly eleven and a half years after the order was entered denying Sherrod's § 2255 motion. The second Rule 60(b)(6) motion also fails to demonstrate any extraordinary circumstances that would merit vacating the Court's previous order. Accordingly, Sherrod's second Rule 60(b)(6) motion is due to be denied.

### 2. Principles of Equity do not Support Considering Sherrod's Rule 60(b)(6) Motions

As a final point on timing, Sherrod's July 18, 2005 Rule 60(b)(6) motion is also due to be denied because it is now more than five years old. The Court's docket sheet shows that Sherrod filed a Rule 60(b)(6) motion on July 18, 2005. This motion is not in the Court's file and the Court has not been able to locate the motion. The Court recognizes that Sherrod may have been harmed by the Court's inability to locate his motion. Moreover, the Court is mindful of the equitable maxim that "[e]quity will not suffer a wrong without a remedy . . . . If a wrong has been committed, the court of equity . . . has the power to frame a decree that will provide the aggrieved party a remedy, subject to the general principles of equity."

Davis, Tilley's Alabama Equity, § 1-4©, 13 (4th ed.). However, "equity aids the vigilant and not those who slumber on their rights." *Id.* at § 1-4©, 10-11. It may be true that the Court misplaced Sherrod's July 18, 2005 Rule 60(b)(6) motion. But there are safeguards against the Court's misplacement that a vigilant litigant could have pursued. For example, habeas petitioners and other pro se litigants frequently submit filings to the Court requesting status updates, orders, or adjudication. Less frequent, but still potentially available, is a writ of mandamus to move the district court to action. *See Kerr v. U.S. Dist. Court for N. Dist. of Calif.*, 426 U.S. 394, 402 (1976) (citing cases). In fact, Sherrod's current motion demonstrates his knowledge of the avenues available to pursue a motion on which a court has not yet ruled.[6]

Sherrod asserts that he has been diligent in inquiring as to the status of this motion. (Doc. #128, 7). But, an examination of the file in this case reveals that he has not taken any steps on the record to spur the Court to action. The docket sheet contains the following relevant entries:

1. Doc. #116 is Petitioner's Motion for Relief from the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) filed on July 18, 2005.

2. Doc. #117 is a filing entitled Petitioner's Motion to Reduce Term of Imprisonment Under 18 U.S.C. § 3582(c)(2), Contains Cognizable Factual and Legal Basis.

---

[6] Sherrod quotes the procedure for mandamus: "Where District Court fails to adjudicate case properly before it court of appeals may issue writ of mandamus in order to exercise jurisdiction to review." (Doc. #128, 7). There is no record of Mr. Sherrod petitioning the court of appeals for a writ of mandamus.

3. Doc. #118 is the Court's Order that the United States Show Cause Why Sherrod's Motion to Reduce Term of Imprisonment Should not be Granted.

4. Doc. #119 is the United States Response in Opposition to Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2).

5. Doc. #120 is the Court's Order Denying Motion to Reduce Term of Imprisonment.

6. Doc. #121 is the Sherrod's Response to United States' Opposition to Petitioner's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2).

7. Doc. #122 is Sherrod's Notice of Appeal regarding the Court's Order denying a reduction in sentence.

8. Doc. #123 is the Court's Order denying the Sherrod's Motion to Proceed In Forma Pauperis on Appeal, denying a Certificate of Appealability, and certifying that the appeal is not taken in good faith.

9. Doc. #124 is the Transcript Order Information for Sherrod's appeal.

10. Doc. #125 is the Eleventh Circuit's Entry of Dismissal of Sherrod's appeal.

11. Doc. #126 is a Petition Requesting Modifying the Conditions or Term of Supervision with Consent of the Offender.

12. Doc. #127 is the Court's order directing the modification of conditions of supervision.

13. Doc. #128 is Sherrod's current Notice of Motion to Adjudicate filed on September 27, 2010.

As the docket entries indicate, instead of pursuing the available avenues for spurring the Court to action on the first Rule 60(b)(6) motion, Sherrod waited nearly five years to bring this issue to the Court's attention. In the Court's view, this delay reflects a lack of vigilance on Sherrod's part and prevents the Court from fashioning an appropriate equitable

remedy.

### C. Sherrod's Rule 60(b)(6) Motions–if Construed as Applications for Habeas Corpus Relief–Would be Due to be Denied

If the Court were to construe Sherrod's Rule 60(b)(6) motions as successive § 2255 motions, those motions, so construed, would also be due to be denied. When a pro se litigant brings a motion under Rule 60 to vacate a ruling denying a previous § 2255 motion, the district court may appropriately construe it as a second or successive application for § 2255 relief. *See Williams v. Chatman*, 510 F.3d 1290, 1293-95 (11th Cir. 2007). If a Rule 60 motion is construed as a second or successive § 2255 motion, the district court lacks subject matter jurisdiction over the motion, unless the court of appeals has authorized the motion. *Id.* at 1295; *see* 28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244(b)(3)(A), which states "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). However, a court will not construe a Rule 60(b) motion as a § 2255 motion if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532-33. In contrast, a court can construe a Rule 60 motion as a § 2255 motion where the movant seeks to circumvent the statutory preclusion against unauthorized second or successive § 2255 motions by attacking the substance of the movant's conviction or sentence. *Id.* at 531.

Sherrod previously sought and was denied relief under § 2255. (Doc. #97). Assuming

that his current Rule 60(b)(6) motion is similar to his July 18, 2005 Rule 60(b)(6) motion, not one of Sherrod's claims for relief in these motions asserts a defect in the integrity of Sherrod's previous § 2255 proceedings. Instead, his claims of prosecutorial and judicial misconduct all relate to judicial proceedings and events that occurred before Sherrod filed his § 2255 motion, and all attack the substance of his conviction and sentence rather than the integrity of this Court's order denying his § 2255 motion. Because the claims in his Rule 60(b)(6) motions seek relief from the underlying judgment of conviction and sentence, they may not be appropriately asserted in a motion under Rule 60 at this point in Sherrod's case. Thus, the Court could properly construe each of Sherrod's Rule 60(b)(6) motions as successive § 2255 motions. Because Sherrod has not requested permission from the Eleventh Circuit to file a second or successive petition to vacate, this Court would lack jurisdiction to hear Sherrod's successive petitions. Accordingly, even if the Court were to construe Sherrod's Rule 60(b)(6) motions as § 2255 motions, he would still be unsuccessful in achieving any relief from this Court.

### III. Conclusion

For the reasons set forth above, it is CONSIDERED and ORDERED that

1. The portion of Sherrod's Notice of Motion to Adjudicate that contains a motion to adjudicate Sherrod's Rule 60(b)(6) motion filed on July 18, 2005 be and the same is hereby GRANTED;

2. Sherrod's Rule 60(b)(6) Motion to Vacate filed on July 18, 2005 (Doc. #116) be and the same is hereby DENIED;

11

3. The portion of Sherrod's Notice of Motion to Adjudicate (Doc. #128) that contains a Rule 60(b)(6) motion to vacate be and the same is hereby DENIED; and

4. Any other outstanding motions in this case be and the same are hereby DENIED.

Done this the 27 day of January, 2011.

/s/
SENIOR UNITED STATES DISTRICT JUDGE